UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05617-SVW-JC | Date | October 17, 2023 |
|---|---|---|---|
| Title | Janet Hill v. Nexstar Media Inc. et al | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFF's MOTION FOR REMAND [13]

### I. Introduction

Before the Court is a motion to remand the action back to state court. Dkt. 13. For the following reasons, the motion is GRANTED.

### II. Factual and Procedural Background

Plaintiff Janet Hill ("Plaintiff") filed this lawsuit against defendants Nexstar Media Inc. ("Nexstar") and Jason Ball in Los Angeles Superior Court on May 27, 2020. Dkt. 1, Ex. A. Plaintiff worked at Nexstar for approximately 29 years. *Id.* ¶ 14. Ball was Plaintiff's direct supervisor from 2008 to 2021. *Id.* ¶¶ 16, 29. Plaintiff alleged seven causes of action against Nexstar related to employment discrimination, retaliation, and harassment. *Id.* ¶¶ 41–98. Plaintiff alleged two causes of action against Ball: harassment in violation of California Government Code §12940(j)(1), et seq., and intentional infliction of emotional distress. *Id.* ¶¶ 59–68, 92–98. Defendants removed the case on July 12, 2023. Dkt. 1. Plaintiff filed this motion to remand on August 9, 2023. Dkt. 13. Nexstar is a citizen of Delaware and Texas. Dkt. 15 at 1. It is undisputed that Plaintiff and Ball are both citizens of California. Dkt. 13 at 8; Dkt. 15 at 1. Nevertheless, defendants argue that removal is proper based on diversity jurisdiction because Ball is a sham defendant who must be dismissed. Dkt. 1, ¶ 17.

### III. Legal Standard

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05617-SVW-JC | Date | October 17, 2023 |
|---|---|---|---|
| Title | *Janet Hill v. Nexstar Media Inc. et al* | | |

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. §§ 1331, 1332(a). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and ... the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

IV.   Analysis

Here, the parties are not completely diverse. Plaintiff and Ball are both citizens of California. Dkt. 13 at 8; Dkt. 15 at 1. However, defendants argue that Ball was fraudulently joined to defeat diversity jurisdiction because the harassment and intentional infliction of emotional distress claims against him are "deficient." Dkt. 1, ¶ 25.

A defendant's citizenship should be disregarded for purposes of diversity jurisdiction when the defendant "cannot be liable on any theory." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted). "If there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (internal citation omitted) (italics in original). The defendant bears a "heavy burden" to overcome the "general presumption against [finding] fraudulent joinder." *Id.* (quoting *Gaus*, 980 F.2d at 566).

Defendant has not met this burden. Plaintiff has shown that Ball can be liable for harassment, which is sufficient for remand.

The California Fair Employment Housing Act (FEHA) prohibits harassment of an employee. Cal. Gov't Code § 12940(j)(1). To establish a claim for harassment, a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment. *Lawler*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05617-SVW-JC | Date | October 17, 2023 |
|---|---|---|---|
| Title | *Janet Hill v. Nexstar Media Inc. et al* | | |

*v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). Harassment constitutes conduct outside the scope of necessary job performance, presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 705 (N.D. Cal. 2014). Employees are personally liable for their own harassing behavior. *McClung v. Emp. Dev. Dep't*, 34 Cal. 4th 467, 471 (2004); Cal. Gov't Code § 12940(j)(3). Additionally, harassment is unlawful if supervisors know or should know of the conduct and fail to take immediate and appropriate corrective action. Cal. Gov't Code § 12940(j)(1).

However, harassment does not include the type of conduct necessary to manage an employer's business or perform a supervisory role. *Landucci*, 65 F. Supp. 3d at 705. For example, harassment does not include common and necessary personnel management actions such as hiring and firing, job or project assignments, promotion and demotion, and performance evaluations. *Lawler* 704 F.3d at 1244. Additionally, an employee cannot recover for harassment that is occasional, isolated, sporadic, or trivial. *Id.* at 1245. Rather, the plaintiff must show a concerted pattern of harassment of a repeated, routine, or generalized nature. *Id.* at 1244.

Defendants have not met their heavy burden to show that there is no possibility that a state court would find that the complaint states a cause of action for harassment against Ball. Plaintiff alleges that Ball would unnecessarily raise his voice and scream at her during meetings, belittling and embarrassing her in front of colleagues. Dkt. 1, Ex. A, ¶ 25. Plaintiff alleges she was denied opportunities to meet one-on-one with her supervisor when every other person in her position was afforded these meetings. *Id.* ¶ 23. These allegations are sufficient to demonstrate repeated conduct that fell outside the scope of necessary job performance. *See Landucci*, 65 F. Supp. 3d at 705. Additionally, Plaintiff alleges several isolated incidents that, when combined with these repeated behaviors, could sufficiently allege a hostile work environment. For example, Plaintiff alleges that Ball made racially charged comments, including negative feedback about Plaintiff wearing her hair naturally instead of flat ironing it. Dkt. 1, Ex. A, ¶ 24. Further, Plaintiff's allegations are sufficient to infer that Ball, as Plaintiff's direct supervisor, may have failed to investigate incidents of racial harassment and sexual harassment. *See id.* ¶¶ 18–20, 62. Plaintiff alleges she was sent a black voodoo doll just after President Obama was elected, received chewing gum with the label "Shut the Fuck Up," and received an unwelcome kiss witnessed by Ball at a holiday party. *Id.* ¶¶ 18–20.

Defendants argue that Plaintiff's claims are "deficient." Dkt. 1, ¶ 25. For example, defendants

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05617-SVW-JC | Date | October 17, 2023 |
|---|---|---|---|
| Title | *Janet Hill v. Nexstar Media Inc. et al* | | |

state that the allegation that Ball repeatedly shouted at Plaintiff in meetings does not specify the exact words used. *Id.* It is not clear this would even be a basis for dismissal under Rule 12(b)(6), and in any case, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Even where a complaint would not survive a Rule 12(b)(6) motion, a "district court must consider … whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. Here, the Court concludes that any lack of specificity in Plaintiff's complaint could be cured by alleging more detail about the content and timing of Ball's statements.

Defendants have failed to meet their heavy burden to show that plaintiff could not possibly state a cause of action against Ball. Defendants are therefore not entitled to disregard Ball's citizenship for purposes of diversity jurisdiction and the Court must remand the case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**V.     Conclusion**

Because defendants have failed to demonstrate that the Court has subject matter jurisdiction, Plaintiff's motion is GRANTED, and the case is REMANDED.

!
**IT IS SO ORDERED.**

| | Initials of Preparer | PMC |
|---|---|---|